UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**VINSTON A. LARRIMORE,**

    **Plaintiff,**

v.                                                      Case No: 5:23-cv-610-BJD-PRL

**U.S. GOVERNMENT,**

    **Defendant.**

## ORDER

Plaintiff, Vinston A. Larrimore, who is proceeding *pro se*, filed this action against Defendant "U.S. Government." (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

    **I.**     **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II. Discussion

Plaintiff's complaint (Doc. 1) consists of seven pages and is submitted on a prepared form. Plaintiff's complaint largely consists of vague complaints against the government and allegations that the Department of Homeland Security and other government agencies have improperly used military weapons, and that Plaintiff is the victim of assault and harassment.

To begin, Plaintiff's complaint appears to reference his prior military service. To that end, at least some of his complaints may addressed by the appropriate agency, such as via the Department of Veterans Affairs claims process.

Otherwise, Plaintiff's allegations are largely incomprehensible. The complaint consists of rambling statements that reference being inseminated with nanobites, harassment, being affected by "directed energy," "gang stalking," assault, and intimidation. Plaintiff's allegations, if they can be described as such, also reference "directed energy weapon," lasers, rays, "electro magnetic radiation," and "constant surveillance with virtual imprisonment, satellite 3D image by way of Metaverse." (Doc. 1 at 2-5). Plaintiff requests relief from "this inhuman practice with these military weapons and to arrest and charge the person or persons responsible and made money from government contracts."(Doc. 1 at 6). Plaintiff also requests compensation for "being tortured these many years and being an experiment." (Doc. 1 at 6). Although Plaintiff has checked the box on the form complaint to indicate he brings his claims for violation of federal law, he fails to specify which law has been violated and his rambling allegations are far from sufficient to state a claim.

As an initial matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule

8. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, and significantly, Plaintiff has not alleged any viable basis for his claim under federal law or otherwise. The complaint fails to state a claim upon which relief can be granted. Although it appears highly doubtful that Plaintiff would be able to allege any viable claim, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.    Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **December 18, 2023,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules

of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on November 15, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties